UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD BRIDGEMAN, | No. 2:15-cv-2579 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| DEPARTMENT OF CALIFORNIA CORRECTION, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983, together with a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.      In Forma Pauperis Application

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).[1]  Accordingly, his request to proceed in forma pauperis will be granted.

Nevertheless, plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

---

[1] The undersigned previously issued findings and recommendations recommending dismissal of this action without prejudice due to plaintiff's failure to submit a fully completed in forma pauperis application or pay the appropriate filing fee.  See ECF No. 7.  These findings and recommendations will be vacated pursuant to this order.

direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     Legal Standards for Screening Plaintiff's Complaint

Under the Prison Litigation Reform Act (PLRA), this court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," fail to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly at 556). "Where a complaint pleads

facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly at 557).

A pro se litigant is entitled to notice of the deficiencies in his complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### III. Screening of Plaintiff's Complaint

Pursuant to the instant complaint, plaintiff seeks "219.5 billion dollers [sic]" in damages based on his claim that unidentified medical personnel failed to properly treat his cancer, leaving plaintiff with "a hole on the lower part of [his] tail bone" that causes constant pain and impairs plaintiff's ability to walk and stand. ECF No. 1 at 3. The only defendant named in this action is the California Department of Corrections and Rehabilitation (CDCR), and its former Secretary, Jeffrey Beard (whom plaintiff mistakenly references as "James Beard").

#### A. No Cognizable Defendant

Neither CDCR nor the state of California is a proper defendant. See Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 237-38 (1985) (Eleventh Amendment bars suits against states in federal court); Wolfe v. Strankman, 392 F.3d 358, 364 (9th Cir. 2004) (state agencies).

Moreover, in the absence of allegations that former CDCR Secretary Beard was personally involved in the alleged deprivation of plaintiff's constitutional rights, plaintiff fails to state a cognizable claim against him. "A supervisor may be liable [only] if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (citation omitted). "There is no respondeat superior liability under section 1983." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989).

Significantly, plaintiff fails to identify any specific individual (e.g., a CDCR physician or other medical provider) who was allegedly responsible for the challenged decisions concerning plaintiff's medical care. To state a cognizable claim under Section 1983, plaintiff must allege an actual connection or link between the challenged conduct of a specific defendant and the alleged deprivation of plaintiff's constitutional rights. See Monell v. Department of Social Services, 436

U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988) (citations omitted). There can be no liability under Section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

### B. No Cognizable Claim

More specifically, to state a cognizable claim for unconstitutional medical care, plaintiff must allege that a specific defendant engaged in "acts or omissions [that were] sufficiently harmful to evidence deliberate indifference to [plaintiff's] serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Plaintiff must allege both that his medical needs were objectively serious,[2] and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299 (1991); McKinney v. Anderson, 959 F.2d 853, 854 (9th Cir. 1992) (on remand). The requisite state of mind is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 5 (1992). In Farmer v. Brennan, 511 U.S. 825 (1994), the Supreme Court established a very demanding standard for "deliberate indifference." Negligence is insufficient. Id. at 835. Even civil recklessness (failure to act in the face of an obvious and unjustifiably high risk of harm) is insufficient to establish an Eighth Amendment violation. Id. at 836-37. Rather, to state a claim for deliberate indifference to serious medical needs, a prisoner must allege that a prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official

---

[2] Serious medical needs include conditions in which a failure to treat could result in significant injury to plaintiff. "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990) (citing cases)), and Hunt v. Dental Department, 865 F.2d 198, 200-01 (9th Cir. 1989)), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

4

must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Stated differently:

> In the Ninth Circuit, the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong . . . is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.

Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation marks omitted); accord, Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Lemire v. CDCR, 726 F.3d 1062, 1081 (9th Cir. 2013).

The allegations of the instant complaint fail to meet these standards. While it appears that plaintiff has serious medical needs associated with cancer, he does not identify specific problems associated with his medical care, nor any medical provider or other individual who "knew of and disregarded" a substantial risk of serious harm to plaintiff.

### C. Dismissal of Complaint and Leave to File an Amended Complaint

For the reasons set forth above, the court finds that the complaint does not contain "a short and plain statement of the claim showing that [plaintiff] is entitled to relief," as required by Federal Rule of Civil Procedure 8(a)(2). Although the Federal Rules adopt a flexible pleading standard, a complaint must allege sufficient facts supporting the elements of plaintiff's legal claims against specific defendants, thus giving fair notice to the defendants. Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The complaint must state in specific terms how each defendant allegedly violated plaintiff's constitutional rights. Rizzo, supra, 423 U.S. at 371. Because plaintiff has failed to comply with these requirements, his complaint must be dismissed.

However, plaintiff will be granted leave to file an amended complaint. Plaintiff is informed that an amended complaint supersedes the original complaint and must therefore be complete in itself without reference to the original complaint. See Local Rule 220; Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). An amended complaint must clearly identify each claim and the

challenged conduct of each defendant.

IV. Conclusion

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed in this action on March 15, 2016, ECF No. 7, are vacated.

2. Plaintiff's request for leave to proceed in forma pauperis, ECF No. 8, is granted.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

4. Plaintiff's complaint, ECF No. 1, is dismissed.

5. Plaintiff shall, within thirty days after service of this order, file an amended complaint that complies with the requirements set forth herein, as well as the Federal Rules of Civil Procedure and Local Rules. The amended complaint must bear the docket number assigned this case and be labeled "Amended Complaint."

6. Failure to timely file an amended complaint in accordance with this order will result in the dismissal of this action without prejudice.

DATED: May 3, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

6