UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD BRIDGEMAN,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF CALIFORNIA CORRECTION, et al.,<br><br>Defendants. | No. 2:15-cv-2579 JAM AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATION |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 2, 2018, defendant S. Mo, the sole remaining defendant in this action, filed a motion for summary judgment. ECF No. 25. On March 1, 2019, plaintiff filed a motion which, in part, requested that the court grant him a thirty-one-day extension of time to file an opposition to the instant motion. See ECF No. 32 at 2. For the reasons stated below, the untimely request for additional time will be denied, and the undersigned will recommend that defendant's motion for summary judgment be granted.

////

////

I.     RELEVANT PROCEDURAL HISTORY

On December 14, 2015, plaintiff filed the original complaint in this action along with a deficient motion to proceed in forma pauperis. See ECF Nos. 1, 2, 6. Thereafter, on April 27, 2016, plaintiff filed a proper in forma pauperis motion. ECF No. 8. His complaint was screened, and on May 3, 2016, he was ordered to file a first amended complaint ("FAC"). See ECF No. 10.

On May 11, 2016, plaintiff filed his FAC, and the next day, he filed a request to add defendants to his action. See ECF Nos. 15, 16. On October 2, 2017, the court directed the Clerk of Court to combine plaintiff's FAC with the original complaint and with plaintiff's request to add defendants and to designate it his operative FAC. See ECF No. 16 at 2.

Defendant was ordered served on October 19, 2017. ECF No. 18. On December 21, 2017, defendant filed an answer to the complaint. ECF No. 22. The discovery and scheduling order issued on January 16, 2018. ECF No. 23.

On March 2, 2018, defendant filed the instant motion for summary judgment. ECF No. 25. Shortly thereafter, a motion to stay discovery proceedings was filed by defendant and was granted. ECF Nos. 26, 27. On April 4, 2018, plaintiff filed an ex parte letter with the court asking it to deny defendant's motion for summary judgment. ECF No. 28.

On January 2, 2019, defense counsel filed a declaration in lieu of reply pursuant to Local Rule 230(l). ECF No. 29 at 2. In response, on January 18, 2019, plaintiff filed a motion to dismiss defendant's motion for summary judgment [1] ECF No. 30.

On January 30, 2019, counsel for defendant filed a declaration in response to plaintiff's motion to dismiss.[2] ECF No. 31. On March 1, 2019, plaintiff filed a request to withdraw his

---

[1] The motion has been characterized as an opposition by the Clerk of Court, but substantively, it is not. In it, plaintiff stated that his requested denial of defendant's motion for summary judgment was appropriate because the previous fall, a jury had found the defendants guilty, and defense counsel's January 2019 declaration was "blatently [sic] false." See ECF No. 30 at 1-2 (brackets added). In the motion, plaintiff also stated that he was represented by counsel. See id. at 2.

[2] In defense counsel's declaration, he denied plaintiff's assertions that the case had been settled, and he declared, among other things, that no attorney had been substituted into the case on plaintiff's behalf. See ECF No. 31 at 2.

motion to dismiss,[3] leading the Clerk of Court to terminate the motion in part. See ECF No. 32. The motion also asked for a thirty-one-day extension of time to respond to defendant's motion for summary judgment. See ECF No. 32 at 2.

II. RELEVANT FACTS

A. Plaintiff's First Amended Complaint

Plaintiff's FAC alleges that defendant failed to properly treat his cancer or conduct proper follow up, and that this has left him with a hole on the lower part of his tailbone which causes constant pain and impairs his ability to walk and stand. See generally ECF No. 15.

B. Defendant's Motion for Summary Judgment

Defendant contends that plaintiff's FAC should be dismissed pursuant to Federal Rule of Civil Procedure 56 because plaintiff failed to exhaust his administrative remedies as required under 42 U.S.C. § 1997e(a) prior to filing the FAC. See ECF No. 25 at 1; ECF No. 25-2 at 6-8.

III. LEGAL STANDARDS

A. Motion for Summary Judgment

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Under summary judgment practice, the moving party "initially bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admission, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that the adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)-(B). When the non-moving party bears the burden

---

[3] In plaintiff's motion to withdraw, plaintiff admits that he lied about a jury rendering a verdict in his case. See ECF No. 32 at 1.

of proof at trial, "the moving party need only prove that there is an absence of evidence to support the nonmoving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325); see also Fed. R. Civ. P. 56(c)(1)(B). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment . . . , is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c)(1); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (citations omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact," the court draws "all reasonable inferences supported by the evidence in favor of the non-moving party." Walls v. Central Costa County Transit Authority, 653 F.3d 963, 966 (9th Cir. 2011). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

B.   Local Rule 230(l)

Local Rule 230(1) of the Eastern District of California states in its entirety:

> **(l) Motions in Prisoner Actions.** All motions, except motions to dismiss for lack of prosecution, filed in actions wherein one party is incarcerated and proceeding in propria persona, shall be submitted upon the record without oral argument unless otherwise ordered by the Court. Such motions need not be noticed on the motion calendar. *Opposition, if any, to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion.* A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions. The moving party may, not more than seven (7) days after the opposition has been filed in CM/ECF, serve and file a reply to the opposition. All such motions will be deemed submitted when the time to reply has expired.

L.R. 230(l) (E.D. Cal. 2009) (italics added).

C.   Exhaustion

1.   Prison Litigation Reform Act

Because plaintiff is a prisoner challenging the conditions of his confinement, his claims are subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The PLRA requires prisoners to exhaust available administrative remedies before bringing an action

challenging prison conditions under § 1983. 42 U.S.C. 1997e(a). "The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under § 1983." Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006)). "[F]ailure to exhaust is an affirmative defense under the PLRA." Jones v. Bock, 549 U.S. 199, 216 (2007). It is the defendant's burden "to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino, 747 F.3d at 1172 (citing Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996)). The burden then "shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies unavailable to him." Id.

Regardless of the relief sought, a prisoner must pursue an appeal through all levels of a prison's grievance process as long as some remedy remains available. "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies . . . available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis and alteration in original) (citing Booth v. Churner, 532 U.S. 731 (2001)).

"Under § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies: An inmate...must exhaust available remedies, but need not exhaust unavailable ones." Ross v. Blake, 136 S. Ct. 1850, 1858 (2016) (brackets in original). In discussing availability in Ross the Supreme Court identified three circumstances in which administrative remedies were unavailable: (1) where an administrative remedy "operates as a simple dead end" in which officers are "unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) where an administrative scheme is "incapable of use" because "no ordinary prisoner can discern or navigate it," and (3) where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross, 136 S. Ct. at 1859–60. "[A]side from [the unavailability] exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust—irrespective of any 'special circumstances.'" Id. at 1856. "[M]andatory exhaustion statutes like the PLRA establish

mandatory exhaustion regimes, foreclosing judicial discretion." Id. at 1857.

2. California Regulations Governing Exhaustion of Administrative Remedies

"The California prison system's requirements 'define the boundaries of proper exhaustion.'" Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) (quoting Jones, 549 U.S. at 218). In order to exhaust, the prisoner is required to complete the administrative review process in accordance with all applicable procedural rules. Woodford, 548 U.S. at 90. California regulations allow a prisoner to "appeal" any action or inaction by prison staff that has "a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a) (2017).[4] The appeal process is initiated by the inmate's filing a "Form 602" the "Inmate/Parolee Appeal Form," "to describe the specific issue under appeal and the relief requested." Id., § 3084.2(a). "The California prison grievance system has three levels of review: an inmate exhausts administrative remedies by obtaining a decision at each level." Reyes v. Smith, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b) (2011); Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010)).

Each prison is required to have an "appeals coordinator" whose job is to "screen all appeals prior to acceptance and assignment for review." Cal. Code Regs. tit. 15, § 3084.5(b). The appeals coordinator may refuse to accept an appeal and does so either by "rejecting" or "canceling" it. Id., § 3084.6(a) ("Appeals may be rejected pursuant to subsection 3084.6(b), or cancelled pursuant to subsection 3084.6(c), as determined by the appeals coordinator.").

"Cancellation" is reserved for those appeals which the inmate cannot simply correct. For example, an appeal can be cancelled if the action complained of "is not within the jurisdiction" of the California Department of Corrections and Rehabilitation ("CDCR"), or if time limits for submitting the appeal have been exceeded. Id., § 3084.6(c)(1), (4). Upon "cancellation" of the appeal, the inmate's only recourse, if he still wishes to pursue it, is to show that the reason given for the cancellation was inaccurate or erroneous, or that "new information" now makes it eligible for review. Id., § 3084.6(a)(3) (cancelled appeal may later be accepted "if a determination is

---

[4] All citations to Title 15 of the California Code of Regulations are, unless otherwise noted, for the current version, which has been unchanged, in pertinent part, since January 2011.

7

made that cancellation was made in error or new information is received which makes the appeal eligible for further review").

According to the regulations, "a cancellation or rejection decision does not exhaust administrative remedies." Id., § 3084.1(b). Outside of any exceptions outlined in the regulations, "all appeals are subject to a third level of review, as described in section 3084.7, before administrative remedies are deemed exhausted." Id.

IV. UNDISPUTED FACTS[5]

For the purposes of summary judgment, the following facts are either undisputed as actively stated by the parties, or they are undisputed as determined by the court.

- During all times relevant to the First Amended Complaint Plaintiff Edward Bridgeman (G-40817) was an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) and incarcerated at the California Medical Facility (CMF).

- During all times relevant to the First Amended Complaint, Defendant Dr. S. Mo was employed by CDCR as a Physician and Surgeon at CMF.

- Plaintiff claims that Defendant was deliberately indifferent to his medical needs with respect to his cancer, an open sore on his tailbone, and his need for physical therapy.

- All CDCR institutions, including CMF, have an administrative grievance process that allows inmates to appeal issues relating to their health care.

- During the time period relevant to the First Amended Complaint, CDCR's health care appeal process contained three levels of review.

- Under CDCR regulations, an inmate must submit his healthcare appeal through the third level of review before administrative remedies are deemed exhausted.

- Plaintiff concedes in his First Amended Complaint that he did not complete the administrative grievance process that was available to him at CMF.

- Between November 2014 (the date of the first incident mentioned in Plaintiff's First Amended Complaint) and December 14, 2015 (the date Plaintiff filed this lawsuit), CMF's Health Care Appeals Office received four health care appeals submitted by Plaintiff.

---

[5] For purposes of continuity with citations in this order, the court will reference undisputed facts by the ECF page numbers on which they are found instead of by the DUF numbers created by defendants. See generally ECF No. 25-3 (defendants' list of undisputed material facts).

8

- None of the four health care appeals submitted by Plaintiff mentioned Defendant, Defendant's alleged mistreatment of Plaintiff's cancer or tailbone sore, or Defendant's failure to provide physical therapy.

- None of the four health care appeals submitted by Plaintiff were exhausted through the third level of review.

- Plaintiff submitted Appeal No. CMF-SC-15000661 on or about March 4, 2015.

- In Appeal No. CMF-SC-15000661, Plaintiff claimed that "CNA Roberts" treated him roughly while attending to him, such as banging his arms and legs while cleaning him, and requested: "That this rough handling be stopped."

- On March 9, 2015, Appeal No. CMF-SC-15000661 was rejected at the second level of review, because Plaintiff failed to provide the date(s) the conduct took place.

- Plaintiff was instructed to "[p]lease provide a date of the incident" and to "resubmit the appeal within 30 calendar days."

- CMF has no record of Plaintiff ever resubmitting Appeal No. CMF-SC-15000661 for review.

- Plaintiff submitted Appeal No. CMF-HC-15040747 on March 27, 2015.

- In Appeal No. CMF-HC-15040747, Plaintiff claimed that on or about February 30, 2015, an unspecified "black female nurse" threatened him, saying she would take his call button, after he called her during a time when he feared he was choking. Plaintiff requested: "That this type of treatment/or lack thereof does not continue."

- On April 15, 2015, Appeal No. CMF-HC-15040747 was rejected because Plaintiff failed to provide the name of the nurse who allegedly mistreated him.

- Plaintiff was instructed to "provide a name" and "resubmit the appeal within 30 calendar days."

- CMF has no record of Plaintiff ever resubmitting Appeal No. CMF-HC-15040747 for review.

- Plaintiff submitted Appeal No. CMF-SC-15000673/CMFHC- 15040811 on April 16, 2015.

- In Appeal No. CMF-SC-15000673/CMF-HC-15040811, Plaintiff claimed that nurse "Roberts" complained to him about using his call button, and requested that nurse Roberts be investigated and kept away from him.

9

- On May 26, 2015, the first level of review partially granted Appeal No. CMF-SC-15000673/CMF-HC-15040811: The appeal was partially-granted insofar as it was recognized that Plaintiff retained the right to use his call light for urgent or medically-necessary requests; the appeal was denied insofar as no disciplinary action would be taken against nurse Roberts as a result of the appeal.

- CMF has no record of Plaintiff ever submitting Appeal No. CMF-SC-15000673/CMF-HC-15040811 for second-level review.

- Plaintiff submitted Appeal No. CMF-HC-15041367 on or about September 15, 2015.

- In Appeal No. CMF-HC-15041367, Plaintiff asked to "[p]lease be treated right and be given the medical treatment us inmate are in need for," and "[t]o please have all medical staff to do there [*sic*] job that are sign to do."

- Plaintiff also attached a sheet of lined paper to Appeal No. CMF-HC-15041367, which appears to say: On 9-10-15 at 2:00 pm I put a call into see I I could get a addreass I needed so the medical person who got on the mike phone told me to stay off my light and he was real ruld with me so I also please need the nail clippers to cut a hang nail I have RN Mr Manning came and he ask me about my pee see yesterday I cut my pee bags line and now I can pee without any real bad pain from the open three stage cancer I had I was told on 8-16-15that the cancer was gone and all I can do is praise my Lord and savor Jesus Christ who walk this Earth. If I have to have my family go to the Department of CD Con P St. in Sacramento CA I will and I also going to file a 6.5 million dollers federal lawsuite OK so I will wait for your all reply.

- On September 25, 2015, the first level of review rejected Appeal No. CMF-HC-15041367, under California Code of Regulations, title 15, sections 3084.6(b)(14) and 3084.2(a)for attaching the unnecessary sheet of lined paper.

- Under CDCR regulations, appeals must be submitted on departmentally-approved forms, and an inmate is limited to the space provided on one form CDCR 602 HC and one form CDCR 602-A Attachment.

- Plaintiff was instructed to "[p]lease remove the lined white paper and use a CDC 602-A," and to "resubmit the appeal within 30 calendar days."

- The Health Care Appeals Office provided Plaintiff with a blank CDC 602-A attachment along with its rejection letter.

- CMF has no record of Plaintiff ever resubmitting Appeal No. CMF-HC-15041367 for review.

ECF No. 25-3 at 4-5 (typographical errors in original).

V.   DISCUSSION

   A.   Plaintiff's Request for an Extension of Time

Plaintiff's motion for an extension of time to oppose summary judgment is denied for the following reasons. First, at the beginning of this action, the court informed plaintiff of the importance of following the Local Rules. See generally ECF No. 3. Specifically, plaintiff was told that any request for an extension of time should be filed before the deadline in question. See ECF No. 3 at 2. Defendant filed the motion for summary judgment on March 2, 2018. See ECF No. 25. Therefore, plaintiff had twenty-one days from the date of service of that motion to file an opposition. See L.R. 230(l). Any request for an extension of time should have been filed prior to the end of the twenty-one-day period. See generally L.R. 144(d) (stating extension requests should be brought as soon as need becomes apparent and that requests brought on required filing date are looked upon with disfavor).

Second, between the time defendant filed the motion for summary judgment and the time plaintiff filed the current extension request, plaintiff filed three documents related to the instant motion. On April 4, 2018, plaintiff filed a one-page letter asking the court to deny the summary judgment motion. See ECF No. 28. Nine months later, after defendant effectively moved via declaration to have plaintiff's failure to file an opposition deemed a waiver of any opposition to a grant of the motion (see ECF No. 29), plaintiff filed a motion to dismiss the summary judgment motion (see ECF No. 30). However, instead of addressing the exhaustion issue raised in the summary judgment motion or disputing defendant's proffered facts, plaintiff chose to lie about why defendant's motion should be denied, stating that his case had gone to trial, that a jury had found defendant guilty, and that as a result, he had been awarded $40,700,000.00 in damages. See ECF No. 30 at 1-2. This filing also falsely accused defense counsel of lying to the court, and it contained a declaration signed by plaintiff that supported this shameful ruse and deception upon the court. See ECF No. 30 at 1-5.

Finally, after defense counsel notified the court that plaintiff's statements were untrue (see ECF No. 31), plaintiff filed the instant request for an extension of time (see ECF No. 32). Within this motion, plaintiff asked to withdraw his motion to dismiss defendant's motion for summary

11

judgment, admitting that he had lied to the court.[6]  See ECF No. 32 at 1-2.

In sum, plaintiff has had more than ample time and opportunity to properly oppose the motion for summary judgment, and he was provided with clear instruction regarding how to do so.  See ECF No. 25-1 (Rand notice provided to plaintiff).  Plaintiff chose to delay for almost a year, and to instead file non-responsive documents and false statements.  Plaintiff has not demonstrated good cause for an extension of time, he has demonstrated bad faith.  Accordingly, his motion is denied, and the summary judgment motion deemed unopposed under Local Rule 230(l).

B.  Defendant's Motion for Summary Judgment: Failure to Exhaust

Defendant contends that plaintiff's FAC is barred by the PLRA because plaintiff failed to exhaust his administrative remedies prior to filing suit.  See 42 U.S.C. § 1997e(a); see also ECF No. 25-2 at 1, 6-8.  Defendant represents that during the period relevant to plaintiff's FAC, California Medical Facility ("CMF") had an administrative grievance process with three levels of review.  See ECF No. 25-2; see also ECF No. 25-3 at 2; ECF No. 15 at 3-6.  Under CDCR regulations, an inmate must submit his health care appeals through the third level of review before administrative remedies are deemed exhausted.  See ECF No. 25-2 at 2; see also ECF No. 25-3 at 2; ECF No. 25-5 at 2.

The FAC concedes that plaintiff had not completed the administrative grievance process prior to filing the instant action in this court.  See ECF No. 25-2 at 2; see also 25-3 at 2; ECF No. 15 at 3-4 (plaintiff's original complaint filed December 14, 2015 stating that as of December 3, 2015, his prison grievance process had not been completed).  Defendant has provided a detailed chronology of each of plaintiff's four separate administrative appeals, none of which mention defendant, defendant's alleged mistreatment of plaintiff's cancer or tailbone sore, or defendant's failure to provide plaintiff with physical therapy, and none of which terminated at the third level of review.  See ECF No. 25-2 at 3-4; see also ECF No. 25-3 at 2-5; see generally ECF Nos. 25-4,

---

[6] Plaintiff states that he lied to the court about the jury verdict because he "panicked," and he characterized his actions as "a delutional [sic] and desperate effort to avoid losing his case."  See ECF No. 32 at 1-2.

12

25-5 (declarations of health care appeals coordinator and chief of health care correspondence and appeals stating same). Accordingly, defendant has met his initial burden under Rule 56 of demonstrating that plaintiff failed to satisfy the administrative exhaustion requirement of the PRLA. See Albino, 747 F.3d at 1172 (it is defendant's burden "to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy."). The burden therefore shifts to plaintiff to "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies unavailable to him." Id.

Plaintiff has failed to identify any evidence that disputes defendant's showing of non-exhaustion or that demonstrates the unavailability of administrative remedies. Accordingly, the motion for summary judgment must be granted, and this case must be dismissed without prejudice. See Jones v. Block, 549 U.S. at 223-24 (remedy for prisoner's failure to exhaust is dismissal without prejudice).

## CONCLUSION

For the reasons explained above, IT IS HEREBY ORDERED that plaintiff's Motion for Extension of Time, ECF No. 32, is DENIED.

IT IS FURTHER RECOMMENDED that defendant's motion for summary judgment, ECF No. 25, be GRANTED and this action be DISMISSED WITHOUT PREJUDICE.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

////
////
////
////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 28, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE